**UNITED STATES BANKRUPCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X   Case No. 11-42017
IN RE:

**SERGEY LYUTAVIN**

                 Debtor                                        Chapter 7
-------------------------------------------------------------------X

**NOTICE OF MOTION REQUESTING REOPENING OF CASE AND AVOIDING LIEN AS IMPAIRING EXEMPTION.**

    PLEASE TAKE NOTICE, the debtor Sergey Lyutavin through his counsel Karamvir Dahiya of Dahiya Law Offices LLC shall move this Court for an order under section 350 and 522(f) of the bankruptcy code and Bankruptcy Rule 4003(d) for reopening of the case and avoiding lien as impairing homestead exemption.

    A hearing has been scheduled in this matter on May 9, 2013 at 10:00 A.M. before Hon. Jerome Feller, Judge of United States Bankruptcy Court, Eastern District of New York located at 271 Cadman Plaza East, Brooklyn New York 11201. All responses be filed at least 5 days before the scheduled hearing date with a courtesy copy to the Chambers of Judge Jerome Feller.

Dated: New York New York
      April 1, 2013

                                              */s/Karamvir Dahiya*
                                              _____
                                              Karamvir Dahiya, Esq. for debtor

2

Notice to:

Portfolio Recovery Associates, LLC
140 Corporate Blvd. Norfolk, VA 23502-0000

Malen & Associates, PC
123 Frost Street
Westbury, NY 11590

**UNITED STATES BANKRUPCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   Case No. 11-42017
IN RE:

    **SERGEY LYUTAVIN**

                Debtor                      Chapter 7
-------------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF MOTION**
**TO REOPEN THE CASE**
**&**
**AVOID LIEN IMPAIRING EXEMPTION**

SERGEY LYUTAVIN, the debtor through her counsel, Karamvir Dahiya of Dahiya Law Offices, LLC respectfully submits the following:

**PRELIMINARY STATEMENT**

      Debtor herein seeks to reopen this Chapter 7 case in order to avoid the lien impairing homestead exemption. The lien is owing to a judgment docketed by Portfolio Recovery Associates, LLC (Portfolio), a secondary market consumer debt buyer. This default judgment was entered, in Kings County, Civil Court, against the debtor on 11/03/2010 in favor of Portfolio for a sum of 11,338.38. Upon such entry and docketing a lien was obtained against the debtor's home. NY C.P.L.R. 5018 & 5203 (a). Now, the Debtor wishes to refinance her home, as the interest rates are low and this would help her substantially in terms of financial rehabilitation, however same is being checked by Portfolio lien—bank would not refinance in view of unaddressed lien on his home.

**JURISDICITON & PROCEDURE**

      This motion relates to a core proceeding i.e. relief against impairment of homestead exemption, providing jurisdiction to this court. 28 U.S.C. § 157(b)(2) (A) & (B) (matters concerning the administration of the estate and exemptions from property of the estate).

Though lien avoidance under § 522(f) could be viewed as determining the validity, priority or extent of a lien, thus requiring a plenary complaint under Bankruptcy Rule 7001(2), however Bankruptcy Rule 4003(d) provides that avoiding a lien that impairs an exemption under § 522(f) is motion practice under Rule 9014.

**FACTUAL DESCRIPTION AND RELIEF SOUGHT**

Debtor's home is a condominium unit bearing address 79 Avenue Unit C, Brooklyn, New York 11223 with a present value of $380,000 and unpaid consensual mortgage lien of $192,637.91 as of March 1, 2013. As of the Petition date, March 15, 2011, there was less equity in the property as opposed to now. Ex. A. (Appraisal Report)

The debtor filed Chapter 7 bankruptcy petition on March 15, 2011 with this district court. Debtor had listed all her creditors diligently with Portfolio being notified of this filing. Ex. B. (Petition)

The debtor claimed an exemption on Schedule C to support the use of lien avoidance under § 522(f). Ex. B.

The claimed exemption has not been objected, thus there is no extant objection to such a claim. *Taylor v. Freeland & Kronz* 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992) (holding that Bankruptcy Rule 4003(b) prohibits an objection to exemptions after 30 days after the conclusion of the meeting of creditors (or the filing of any amendment to the exemption list)). *Taylor* is clearly implicated any time the response to a § 522(f) lien avoidance action is filed more than 30 days after the conclusion of the meeting of creditors and the response challenges the underlying claim of exemptions.

Portfolio claim is dischargable, thus Debtor is not precluded from avoidance of such lien.

Portfolio, based on a default judgment docketed their lien against the condominium of the debtor. However this lien impairs the claimed homestead exemption. Ex. A & B

We invoke the power of lien avoidance under 11 U.S.C. § 522(f).  § 522(f) provides that debtors in bankruptcy cases have a special power to avoid a narrow class of liens on certain kinds of property if the lien impairs an exemption to which the debtor would have been entitled but for the lien. Section 522(f) is a congressional statement that a debtor's fresh start in bankruptcy includes freeing minimal basic property from liens otherwise enforceable under state law when the debtor has unused exemptions.

§ 522(f)(2)(A) now provides that a lien "shall be considered to impair an exemption to the extent that the sum of—(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A), as amended by Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 303, 108 Stat. 4106 (1994).

As of March 1, 2013, the debtor house has a consensual lien by Chase of $192,637.91 with a value of $380,000 leaving an equity of 187,362.09—an equity interest totally subsumed by joint homestead exemption of $300,000 under New York state law (NY CPLR § 5206).  At the time of filing, Chase had a consensual lien of 201,686.64 with the market value of the house scheduled at $350,000. It is the value of the time of the filing of the petition that is relevant, however for the purposes of this motion, it does not alter the result as under both circumstances, there is not any value left for the impugned lien holder, Portfolio.

This case was filed on March 15, 2011 and it was closed on August 23, 2011. For the purposes of invoking the relief under section 522 (f), it is requested that the case be reopened pursuant to 11 U.S.C. 350 (b) "to accord relief to the debtor, or for other cause," as deemed appropriate under the circumstances. No prejudice shall result from reopening of case.

Wherefore it is respectfully submitted the case be reopened and an order be entered directing the clerk of Civil Court, Kings County to vacate Portfolio lien against Debtor's property as it impairs his claimed homestead exemption.

Dated: New York New York
April 1, 2013                                        /s/Karamvir Dahiya
                                                     _____
                                                     Karamvir Dahiya, Esq. for Debtor